IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BART D. CEZAR | * |
| | * |
| v. | *  Civil No. JFM-04-3966 |
| | * |
| WILLIAM D. SMITH, ESQ. | * |
| | ***** |

MEMORANDUM

This is an action brought under the Fair Debt Collection Practices Act. Defendant has filed a motion to dismiss on the ground that plaintiff's claim is barred by limitations. The motion will be granted.

There is a one year limitations period under the Fair Debt Collection Practices Act. 15 U.S.C. §1692k(d). It is undisputed that plaintiff sued defendant in the Circuit Court for Baltimore County, Maryland, on June 7, 2004. It is also undisputed that when the Baltimore County action was dismissed by stipulation, it was agreed that if plaintiff filed a federal action asserting the same claim asserted in the Baltimore County action within 30 days, the only limitations defense the defendant would be entitled to raise is that the Baltimore County action was itself untimely. Therefore, the question now presented is whether defendant has presented sufficient evidence to establish that he sent the collection letter providing the basis for plaintiff's claim more than one year prior to June 7, 2004.

In support of his motion, defendant has submitted his own affidavit to which he has attached records maintained by his office showing that he requested printing of the computer-generated letter upon which plaintiffs' claim is based on May 12, 2003. In his affidavit, defendant also states the following:

It is a priority to process the collection letters for mailing as soon as the printing is

completed. As a general rule, letters are mailed the day after printing. The envelope is also date stamped to show the mailing date. Under no circumstances would the date of mailing be more than three (3) to five (5) business days from the print date.

Plaintiff argues that defendant's affidavit is inadmissable because defendant's affidavit fails to establish that (1) it was in the regular practice of his business activity to make the records defendant attaches to his affidavit, (2) the records were made at or near the time of the event recorded, and (3) the records were made "by, or from information transmitted by, a person with knowledge." I find this argument overly technical and unpersuasive. In his affidavit defendant states that "[s]aid information is kept in the regular course of daily business activity" and that he is "the owner and custodian of said records." The record themselves reflect on their face that they were documents contemporaneously maintained by defendant, and there is no basis for reasonably inferring anything to the contrary.

Accordingly, I find that defendant's affidavit and the attached records give rise to the inference that the letter in question was sent to plaintiff no later than May 17, 2003 (five business days after May 12, 2003, when the printing of the letter was requested). Of course, the inference would be rebutted if the letter itself contained a later date. However, the copy of the letter plaintiff has attached to his complaint omits the top portion on which the date would appear. Indeed, this very omission supports the inference that the letter was dated prior to June 4, 2003.

A separate order dismissing this action is being entered herewith.


Date: January 25, 2006        /s/_____
                              J. Frederick Motz
                              United States District Judge